Don Bivens (ASB #005134)
Donald L. Gaffney (ASB #005717)
Brianna L. Long (ASB #032309)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
E-Mail: dbivens@swlaw.com
bllong@swlaw.com
Attorneys for The Ledbetter Law Firm, P.L.C.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl Sam and Carleen Sam, individually and on behalf of themselves and their respective bankruptcy estates, Lawrence Warfield, trustee,<br><br>Plaintiffs,<br><br>v.<br><br>The Ledbetter Law Firm, P.L.C., an Arizona professional limited liability company; State Farm Fire and Casualty Company, an Illinois corporation; JOHN and Jane Does I-X; Black and White Partnerships I-X; ABC Corporations 1-X,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1334, 1446, and 1452, The Ledbetter law Firm, P.L.C. ("Ledbetter") removes to this Court the state court action described herein. The District of Arizona, specifically the United States Bankruptcy Court for the District of Arizona, has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), because this is a "civil proceeding[] arising under title 11, or arising in or related to cases under title 11." Ledbetter states the following grounds for removal:

1. On June 12, 2017, plaintiffs filed a civil action for: (1) breach of contract against defendant State Farm Fire & Casualty Company ("State Farm"); (2) breach of the implied covenant of good faith and fair dealing against State Farm; (3) legal malpractice

1. against Ledbetter; and (4) punitive damages against State Farm and Ledbetter, styled: *Cheryl Sam and Carleen Sam, individually and on behalf of themselves and their respective bankruptcy estates, Lawrence Warfield, trustee vs. The Ledbetter Law Firm, P.L.C., an Arizona professional limited liability company; State Farm Fire And Casualty Company, an Illinois corporation; John and Jane Does I-X; Black and White Partnerships; ABC Corporations I-X*, Case Number CV2017-008891 (the "Superior Court Action").

2. Two days later, on June 14, 2017, plaintiffs filed a First Amended Complaint against the same defendants with the same claims, this time adding a claim against Ledbetter for aiding and abetting State Farm's alleged bad faith.

3. Plaintiffs served and filed an affidavit of service of the First Amended Complaint as to defendant State Farm on June 23, 2017.

4. On July 19, 2017, plaintiffs moved the court to permit alternative service on Ledbetter. The Court granted plaintiffs' motion on July 21, 2017. Plaintiffs allege they effected service on Ledbetter via alternative means on July 23, 2017.

5. True and correct copies of the original complaint and First Amended Complaint, and all other filings with the Maricopa County Superior Court prior to this Notice of Removal, are attached at **Exhibit A** pursuant to LRCiv 3.6(b).

6. Removal is timely under 28 U.S.C. § 1446(b) and Bankruptcy Rule of Civil Procedure 9027(a)(3), because this Notice of Removal is filed within thirty (30) days after plaintiffs allege they served the First Amended Complaint on Ledbetter.

7. Ledbetter may remove this action pursuant to 28 U.S.C. § 1452(a): "A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

8.     This action is one "arising under title 11, or arising in or related to cases under title 11" under 28 U.S.C. § 1334, because this action is brought by a bankruptcy trustee on behalf the bankruptcy estates of two debtors: The Plaintiff in this proceeding, Lawrence Warfield, is the Chapter 7 bankruptcy Trustee in the two Chapter 7 bankruptcy cases of Carleen Sam (bankruptcy Case No. 2:15-bk-14564-DPC) and Cheryl Sam (bankruptcy Case No. 2:16-bk-14565-EPB) pending before Bankruptcy Judges Collins and Ballinger, respectively. The cases have not been consolidated.

9.     At least four core bankruptcy issues arising under 28 U.S.C. § 1334 and under 11 U.S.C., *et seq.*, are presented in the First Amended Complaint:

  a.     The First Amended Complaint appears to allege some events that transpired pre-petition and, therefore, the Trustee would be asserting his First Amended Complaint as part of each estate's property under 11 U.S.C. § 541. However, the estates are not consolidated and any adjudication would require attempting to analyze the claims of each bankruptcy estate, which are core issues under 28 U.S.C. § 1334.

  b.     Each of the two Chapter 7 Debtors has been discharged of all her debts on March 7, 2016. The First Amended Complaint appears to allege damages that rely upon, and relate directly to, debts that have already been discharged. The First Amended Complaint's allegations present a necessary adjudication of the extent, nature, and effect of the Debtors' discharges under 11 U.S.C. § 727, which is a core issue under 28 U.S.C. § 1334.

  c.     Determination of the standing of a bankruptcy trustee to pursue causes of action is a core adjudication under 11 U.S.C. §§ 323 and 541, particularly since the First Amended Complaint's allegations appear to reference events both before and after the date of the bankruptcy petition requiring the determination of the extent of the Chapter 7 bankruptcy estate.

  d.     The allegations of the First Amended Complaint directly raise core issues under 11 U.S.C. § 109(a) regarding the financial counseling requirement by a third party as a requisite to the filing of a Chapter 7 individual debtor petition, and the conduct

- 3 -

of the debtors' lawyer in connection with the filing and handling of a bankruptcy case. *Grausz v. Englander*, 351 F.3d 467 (4th Cir. 2003).

10. Pursuant to 28 U.S.C. § 1446 and LRCiv 3.6(a), Ledbetter is this date giving written notice of the removal of this action to plaintiffs and State Farm, and also is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Arizona in and for the County of Maricopa, a copy of which is attached as **Exhibit B**.

WHEREFORE, Ledbetter requests that this Notice of Removal be filed, the Superior Court Action be removed to and proceed hereafter in this Court, and no further proceedings be had in the Superior Court Action.

DATED this 21st day of August, 2017.

SNELL & WILMER L.L.P.

By: *s/ Donald L. Gaffney*
Don Bivens (#005134)
Donald L. Gaffney (#005717)
Brianna L. Long (#032309)
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

## **VERIFICATION OF BRIANNA L. LONG**

1. I am an active member in good standing of the State Bar of Arizona and associated with the law firm of Snell & Wilmer L.L.P., counsel for Defendant The Ledbetter Law Firm, P.L.C. ("Ledbetter"). I have firsthand knowledge of the matters set forth herein. I submit this verification pursuant to LRCiv P. 3.6 and Fed. R. Civ. P. 11.

2. Attached as Exhibits are true and complete copies of all pleadings and other documents filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Cheryl Sam, et al. v. The Ledbetter Law Firm, P.L.C., et al.*, Case No. CV2017-008891.

I verify that the foregoing is true and correct.

Executed this 21st day of August, 2017, at Phoenix, Arizona.

_____
Brianna L. Long

4814-6939-4509