1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl Sam, individually and on behalf of the respective bankruptcy estate, et al., | No. CV17-2814 PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Ledbetter Law Firm, PLC, an Arizona professional limited liability company, et al., | |
| Defendants. | |

Plaintiff Warfield filed a motion for mandatory remand under 28 U.S.C. § 1334(c)(2) and for discretionary remand under 28 U.S.C. §§ 1334(c)(1) and 1452(b).[1] Doc. 8. After Defendants filed their response (Doc. 20), Plaintiff dropped his request for mandatory remand and argued in favor of discretionary remand under 28 U.S.C. § 1452(b) (Doc. 23). The Court discussed remand issues with the parties at the case management conference on October 11, 2017. The Court set a litigation schedule at the conference and took the motion to remand under advisement. After considering the motion, the discussion at the conference, and other documents in this case, the Court concludes that remand is appropriate.

---

[1] The parties agreed at the October 11, 2017 case management conference that the proper Plaintiff in this case, if any, is Paul Warfield, Bankruptcy Trustee. The Court therefore will refer to "Plaintiff" throughout this order even though some of the arguments have been made on behalf of "Plaintiffs."

### A. The Nature of this Case.

This case asserts four claims under Arizona state law: breach of contract against State Farm, bad faith against State Farm, malpractice against Ledbetter, and aiding and abetting bad faith against Ledbetter. Doc. 1. This case includes several challenging questions of state law: whether a cause of action for breach of an insuring clause can accrue before entry of a judgment against the insured (Doc. 7 at 4); whether Plaintiff's bad faith claim is barred by the final judgment rule (*id*. at 5); whether the state law claims accrued before the insureds filed for bankruptcy (*id.* at 7; Doc. 18 at 5-7); and whether Plaintiff has pled a viable claim for aiding and abetting bad faith (Doc. 17 at 3-4). Because these issues are raised in Defendants' motions to dismiss, they will need to be addressed early in the litigation.

It is also true that this case appears to contain a challenging issue related to bankruptcy law: if Plaintiff can assert the claims in the complaint, what is their value? Is it zero because the insureds have received a discharge in bankruptcy, or is it the value of the exposure to which the insureds were subjected by Defendants' alleged wrongdoing? If the case remains in this Court, the parties seem to suggest that this issue should be referred to bankruptcy court for decision. For several reasons, the Court is not inclined to make such a referral: the case came from state court, not bankruptcy court; this issue appears to be novel, and even if the Court could refer it to bankruptcy court, the parties likely would seek to re-litigate it in this Court; the issue is closely tied to the state law claims in this case, when the claims accrued, and how their damages are to be measured – issues better resolved by Arizona state courts; and, for case management purposes, the Court would not be inclined to split this case and send a portion of this case to bankruptcy court while retaining related state law issues.

### B. Discretionary Remand.

Defendants removed this case under 28 U.S.C. § 1334. Doc. 1. Congress has provided that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The Ninth

Circuit Bankruptcy Appellate Panel notes that "any equitable ground" is unusually broad and "subsumes and reaches beyond all of the reasons for remand under non-bankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. B.A.P. 1999).

Courts in this district consider the following factors in analyzing equitable remand under § 1452(b): judicial economy, the presence of substantial questions of state law, comity, and the possibility of inconsistent factual findings. *In re Davis Chevrolet, Inc.*, 282 B.R. 674, 684 (Bankr. D. Ariz. 2002) (citing *In re Med. Lab. Mgmt. Consultants*, 931 F. Supp. 1487, 1493 (D. Ariz. 1996)). Applying these factors, the Court concludes that remand is warranted. This case contains substantial questions of state law, and comity would be furthered by remand because at least one of those questions appears to be a novel issue under Arizona law – whether a cause of action for breach of an insuring clause can accrue before entry of a judgment against the insured. *See* State Farm's Motion to Dismiss, Doc. 7 at 4 (citing Minnesota law). Such a question is best addressed by state trial and appellate courts rather than this Court. In addition, because both this Court and the state court would need to resolve the bankruptcy-related issue identified above, judicial economy would not be furthered by keeping the case here. The final factor – possible inconsistent findings of fact – is not relevant because there is only one proceeding that raises these claims.

The parties address several additional factors that may be considered in the remand analysis:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceedings commenced in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement

of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*In re Cedar Funding*, 419 B.R. 807, 820 n.18 (9th Cir. B.A.P. 2009).

Several of these factors favor remand: important state law issues predominate over bankruptcy issues (factor 2); at least one of the state law issues appears to be unsettled (factor 3); there is no jurisdictional basis in this Court other than § 1334 (factor 5); it is not feasible to sever state law claims from the bankruptcy issues (factor 8); this case includes several non-debtor parties (factor 12); and comity (factor 13), for reasons mentioned above. Other factors in the list do not weigh in favor of retaining jurisdiction. Although Defendants argue that a number of issues must be resolved by the bankruptcy court presiding over the insureds' bankruptcy (administration of the estate's assets, determination of what creditors receive what amounts, approval of any contingent fee received by Plaintiff's counsel), this is true whether the case is pending before this Court or the state court.

Considering all of the relevant factors, the Court concludes that remand is warranted.

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 8) is **granted**. The Clerk shall remand this case to Maricopa County Superior Court.

Dated this 12th day of October, 2017.

_____
David G. Campbell
United States District Judge